**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**LOCAL 212, INTERNATIONAL UNION, UNITED AUTOMOBILE, AIRCRAFT AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA, UAW-AFL-CIO, Respondent.**

No. 14473.

United States Court of Appeals
Sixth Circuit.

Oct. 17, 1961.

Melvin Pollack, Washington, D. C. (Stuart Rothman, Dominick L. Manoli, Marcel Mallet-Prevost, Abraham A. Dash, N.L.R.B., Washington, D. C., on the brief), for petitioner.

Gordon A. Gregory, Detroit, Mich. (Harold A. Cranefield, Redmond H. Roche, Jr., John A. Fillion, Detroit, Mich., on the brief; Cranefield, Roche & Gregory, Detroit, Mich., of counsel), for respondent.

Before MARTIN, McALLISTER and O'SULLIVAN, Circuit Judges.

PER CURIAM.

This cause came on to be heard on the petition of the National Labor Relations Board for enforcement of its cease and desist order, issued against the respondent, Local 212, International Union, Etc., UAW-AFL-CIO, and its officers and agents.

The question presented is whether there is substantial evidence in the record to support the Labor Board's finding that the respondent union restrained and coerced Taylor, an employee of Chrysler Corporation, in the exercise of his right to engage in activity in behalf of another labor organization.

In his intermediate report, the trial examiner carefully reviewed the evidence in the case; and, on the basis of his findings, he recommended a cease and desist order against the respondent union, restraining it from indulging in unfair labor practices. The Labor Board affirmed the rulings of the trial examiner, reviewed the specific unfair labor practices by respondent's representatives—all of which were supported by substantial evidence—and directed the respondent union to make employee Taylor whole for his loss of earnings and to cease and desist from specified unfair labor practices. The board further ordered the respondent to take the customary affirmative action with respect to notice, posting and mailing to the Regional Director copies of the appropriate notices.

We find the decision and order of the National Labor Relations Board to be supported by substantial evidence and to be in conformity with law. Wherefore, the petition of the Labor Board for enforcement of its order is granted, as prayed.